# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



**GERALD C. MANN**
ATTORNEY GENERAL

Honorable Charley Lockhart
State Treasurer
Austin, Texas

Dear Sir:　　　　　Attention: Mr. H. Morris Stevens

Opinion No. O-2098
Re: Is a consignment contract tax-
able under the provisions of
Article 7047e, V. A. C. S.,
upon the registration of same
by the County Clerk under the
Registration Laws of this
State.

We received your letter dated March 18, 1940,
which is self-explanatory and reads as follows:

"I have been requested by the County Clerk
of El Paso County to obtain a ruling on the fol-
lowing question:

'There was filed in this county, as a chat-
tel mortgage, a "consignment contract" whereby
certain refrigerators and other equipment were
consigned to Paul Hammond by W. H. Baughn. The
contract provided that "Hammond shall furnish to
the said Baughn a bond in the amount of Two Thou-
sand ($2,000.00) Dollars", guaranteeing that such
equipment will be paid for according to agreement
when sold . . . This contract specifically states
that "such refrigerators are owned by the said
Baughn and shall remain his property, and no title
thereto or interest therein shall ever pass here-
under to the said Hammond, but the latter shall
sell the same as the agent and on behalf of the

said Baughn, but shall never make any such sale
to himself either directly or indirectly."

"Is such a contract subject to the tax as
provided by Article 7047e, R. C. S., as amended
by Senate Bill number 24, 46th Legislature?"

Article 7047e, supra, reads, in part, as follows:

"(a) Except as herein otherwise provided
there is hereby levied and assessed a tax of Ten
(10¢) Cents on each One Hundred ($100.00) Dollars
or fraction thereof, over the first Two Hundred
($200.00) Dollars, on all notes and obligations
secured by chattel mortgage, deed of trust, mechan-
ic's lien contract, vendor's lien, conditional
sales contract and all instruments of a similar
nature which are filed or recorded in the office
of the County Clerk under the Registration Laws
of this State; provided that no tax shall be levied
on instruments securing an amount of Two Hundred
($200.00) Dollars, or less. After the effective
date of this Act, except as hereinafter provided,
no such instrument shall be filed or recorded by
any County Clerk in this State until there has
been affixed to such instrument stamps in accord-
ance with the provisions of this section; . . ."

Article 7047e levies a tax upon the privilege of
registration under the Registration Laws of Texas of chattel
mortgages, deeds of trust, mechanic's lien contracts, ven-
dor's liens, conditional sales contracts, and all instruments
of a similar nature. Our Opinion No. 0-1859.

Article 7047e, supra, does not specifically include
consignment contracts. To be taxable, therefore, it must
be an instrument "of a similar nature" to the instruments
specifically enumerated in the said Article.

A consignment or bailment of property is not a
mortgage. 9 Tex. Jur. 75 and authorities therein cited.

In Stieff v. City of San Antonio, 111 S. W. (2d)
1086, at page 1090, the following language is found:

"If the title does not pass to the receiver of the article, viewed from his standpoint, rather than that of the sender, there can be no sale to the receiver. (Citing authorities) Thus, there may be a consignment for the purpose of sale to a stranger, but not a sale to the receiver, without in the least degree impairing the true character of the transaction as a bailment."

In the case of Whitehouse Bros. v. S. K. Abbott and Son, 228 S. W. 599, the court cited from McKenzie v. Roper Wholesale Grocery Co., 9 Ga. App. 185, as follows:

"If the person to whom the possession of the property is delivered gets it by virtue of a contract of purchase (i.e., gets it under such circumstances that the person parting with the possession can sue for the purchase price, irrespective of whether the person to whom the possession is delivered has sold or otherwise disposed of the goods), the contract is one of conditional sale, notwithstanding, it may impose limitations upon the purchaser's right to dispose of the property and may require a definite plan of accounting. On the other hand, if the effect of the contract is that the property is delivered from the bailor to the bailee with the understanding that the title is to remain in the bailor, and the bailee does not assume initial responsibility to pay the purchase price, it is ordinarily not a conditional sale, but is a consignment although the bailee may have the option of purchasing the goods themselves by paying a stipulated price, or may have a right to sell them to other persons upon accounting to the bailor for a stipulated sum, and though the bailee's compensation in the matter may depend upon such profit as he shall realize on the difference between the price at which the goods are consigned and the price at which they are sold, and though the bailee may be responsible to the bailor for the value of such goods as he may sell on a credit, whether he collects from the purchasers or not."

We conclude that a consignment contract is not similar to a conditional sale, chattel mortgage, or the

other enumerated instruments within the meaning of the above quoted Article.

Although the quoted excerpts from the instrument in question indicate that said instrument is a consignment contract, we cannot so determine without first examining the entire contract.

We trust that this is the information desired.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Cammack_
Cecil C. Cammack
Assistant

By _Lee Shoptaw_
Lee Shoptaw

LS:BBB

APPROVED APR 8, 1940

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN